UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HASSAN AOUN,

                Plaintiff,

v.

CITY OF DEARBORN, et al.,

                Defendants.

_____/

Civil Action No. 25-12044

Mark A. Goldsmith
United States District Judge

David R. Grand
United States Magistrate Judge

**ORDER DENYING PLAINTIFF'S EMERGENCY MOTION TO STRIKE
APPEARANCE AND DISQUALIFY COUNSEL AND MOTION TO COMPEL
PRESERVATION OF EVIDENCE AND FOR SANCTIONS (ECF Nos. 11, 13)**

*Pro se* plaintiff Hassan Aoun ("Aoun") is facing a handful of criminal misdemeanor charges in the City of Dearborn's 19th District Court for violating the City's "breach of the peace" and "failure to obey police officer order" ordinances, Ord. Sec. 14-131 and 14-38.1, respectively.  He commenced this civil action to "remove" those charges to this Court and to assert affirmative claims challenging the charges against him and alleging violation of his rights under the First and Fourteenth Amendments.  On today's date, the Court issued a Report and Recommendation to remand Aoun's criminal prosecutions to the 19th District Court, and to dismiss certain of Aoun's affirmative claims and stay this case as to others. (ECF No. 48).   The Court incorporates herein by reference the Report and Recommendation's background discussion.

Aoun has filed two motions that are the subject of this Order: (1) "Emergency Motion to Strike Appearance and Disqualify Bradley J. Mendelsohn and the City of

Dearborn Law Department" (ECF No. 11) ("Disqualification Motion"); and (2) "Motion to Compel Preservation of Evidence and for Sanctions") (ECF No. 13) ("Motion to Compel").  Both motions lack merit and will be denied.

### Disqualification Motion

The City of Dearborn defendants are represented in this case by Bradley J. Mendelsohn ("Mendelsohn"), an attorney at the City of Dearborn Law Department.  (ECF No. 10).  Aoun argues that Mendelsohn and the City of Dearborn Law Department "in its entirety" must be disqualified from representing City of Dearborn defendants "due to an incurable conflict of interest arising from the direct involvement of Jeremy Romer, the City's chief legal officer and a material fact witness in this case."  (ECF No. 11, PageID.134).  Specifically, Aoun asserts that Romer "is the direct cause of [his] arrest and the constitutional injuries now before this Court."  (*Id.*).  However, the only facts Aoun points to are that on April 9, 2024, "during public comment [at a City Council meeting at which Aoun was arrested], Mr. Romer publicly humiliated [him] by stating, 'I don't have to answer to a non-lawyer,'" and that on April 23, 2024, at another City Council meeting, "when Council President Serrini asked whether the public was allowed to play audio recordings, Mr. Romer falsely replied, 'No.'"  (*Id.*).

"A fundamental premise of the adversary system is that individuals have the right to retain the attorney of their choice to represent their interest in judicial proceedings.... [T]he tactical use of attorney-misconduct disqualification motions is a deeply disturbing phenomenon in modern civil litigation. When a trial court mistakenly disqualifies a party's counsel as the result of an abusive disqualification motion, the court in essence permits the

party's opponent to dictate his choice of counsel." *Doe v. City of Memphis*, 2015 WL 4019550, \*7 (W.D. Tenn. 2015) (citing *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 441 (1985)).  Not surprisingly, then, "[m]otions to disqualify are viewed with disfavor and disqualification is considered a drastic measure which courts should hesitate to impose except when absolutely necessary."  *Valley-Vulcan Mold Co. v. Ampco-Pittsburgh Corp.*, 237 B.R. 322, 337 (B.A.P. 6th Cir. 1999) (citation and internal quotation marks omitted). The party seeking disqualification bears a heavy burden.  *See MJK Fam. LLC v. Corp. Eagle Mgmt. Servs.*, 676 F. Supp. 2d 584, 592 (E.D. Mich. 2009).

The Sixth Circuit has articulated a three-part test for determining whether disqualification based on a conflict of interest is warranted: (1) a past attorney-client relationship existed between the party seeking disqualification and the attorney it seeks to disqualify; (2) the subject matter of those relationships was/is substantially related; and, (3) the attorney acquired confidential information from the party seeking disqualification. *In re Valley-Vulcan Mold Co.*, 5 F. App'x 396, 401 (6th Cir. 2001) (citing *Dana Corp. v. Blue Cross & Blue Shield Mut. of N. Ohio*, 900 F.2d 882, 889 (6th Cir. 1990)).  In analyzing motions to disqualify counsel for conflicts of interest, courts may look to the state rules of professional conduct for guidance. *El Camino Res., Ltd. v. Huntington Nat'l Bank*, 623 F. Supp. 2d 863, 876 (W.D. Mich. 2007) (citing *In re Snyder*, 472 U.S. 634, 645 n.6 (1985)).

Applying the foregoing principles, it is clear that Aoun's motion lacks merit.  First, he has not identified any conflict of interest that would require disqualification.  Aoun does not allege an attorney-client relationship between himself and Mendelsohn (or the City's Law Department), and the Court sees no conflict of interest between Mendelsohn and any

3

other counsel for the City.  Second, Aoun's suggestion that Romer is an "essential witness" under Michigan Rule of Professional Conduct 3.7 is baseless.  MRPC 3.7(a) provides:

> A lawyer shall not act as advocate at trial in which the lawyer is likely to be a necessary witness except where:
>
> (1) The testimony relates to an uncontested issue;
>
> (2) The testimony relates to the nature and value of legal services rendered in the case; or
>
> (3) Disqualification of the lawyer would work substantial hardship on the client.

MRPC 3.7(a).

As the City Defendants note, other attorneys from the City Attorney's office are prosecuting his misdemeanor cases, and Aoun has not shown that Romer is a "necessary witness" in any event.  Aoun has not alleged any specific facts as to the role, if any, Romer had in the decision to eject him from the meetings in question or have him arrested. Moreover, audio and video recordings of those incidents are in the record, which further suggests Romer is not a "necessary witness" under the Rule.  *People v. Tesen,* 276 Mich. App. 134, 144 (2007) ("attorneys are not necessary witnesses if the substance of their testimony can be elicited from other witnesses and the party seeking disqualification did not previously state an intent to call the attorney as a witness.").

Aoun's other arguments also lack merit.  He cites MRPC 1.7, but that Rule only requires disqualification where "the representation of [the lawyer's] client will be directly adverse to another client [.]"  But in this case, the City Defendants' interests are not adverse to one another, and Aoun's assertion that Romer has a "personal stake in the case" is entirely conclusory and unsupported by any facts.  Aoun also cites MRPC 1.10, claiming

4

that "[a]lthough [] Mendelsohn filed the appearance, he acts under the supervision of Romer." That Rule provides that while lawyers work in the same office, "none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7, 1.8(c), or 2.2." Yet, Aoun makes no arguments about Rules 1.8(c) or 2.2, and as the Court just explained, Aoun failed to show that Romer has a "personal stake" in the case, which would be necessary for Rule 1.7 to apply.

Finally, Aoun asserts that he "is entitled to a neutral legal forum" and that his Fourteenth Amendment due process rights are "violated when the official who caused the constitutional injury controls the defense." However, he has not shown that Romer "caused" him any injury whatsoever, and he fails to support this argument with any law or reasoned explanation. Indeed, as the City Defendants note, while it is the Court's role to provide a "neutral forum" for the resolution of the parties' disputes, counsel owe their clients the duty of zealous representation. Aoun has shown no reason why Mendelsohn should not be permitted to do so for his clients in this case.

For all of the foregoing reasons, Aoun's motion to disqualify counsel **(ECF No. 11)** is **DENIED**.

### *Motion to Compel*

In his Motion to Compel Preservation of Evidence and for Sanctions (ECF No. 13), Aoun asks the Court "to issue an Order compelling Defendant's [sic] counsel, Bradley Mendelsohn, to preserve specific categories of evidence and certify preservation compliance." No such Order is required here. Aoun advised attorney Mendelsohn as to the discovery he wanted "preserved," and Mendelsohn responded appropriately by

acknowledging his and his clients' preservation obligation.  (ECF No. 26-3, PageID.541).

Specifically, Mendelsohn recognized that "preservation of records is already required

under the Federal Rules of Civil Procedure (*See* Fed. R. Civ. P. 37(e) for the preservation

of electronically stored information (ESI))," and that therefore a Court Order was not

necessary.

In light of attorney Mendelsohn's representation and Aoun's failure to show that

any relevant evidence has been destroyed or is at risk of being destroyed, the Order he

requests is unnecessary and unwarranted.  Accordingly, Aoun's motion to compel **(ECF**

**No. 13)** is **DENIED**.

   **IT IS SO ORDERED.**

Dated: February 10, 2026                                    s/David R. Grand
Ann Arbor, Michigan                                         DAVID R. GRAND
                                                            United States Magistrate Judge


### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 10, 2026.

                                                            s/Julie Owens
                                                            JULIE OWENS
                                                            Case Manager