UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HASSAN AOUN,

      Plaintiff,

v.                                    Case No. 25-cv-12044
                                          HON. MARK A. GOLDSMITH

CITY OF DEARBORN, et al.,

      Defendants.
_____/

### ORDER (i) DISMISSING PLAINTIFF'S CIVIL CLAIMS; (ii) REMANDING THE MISDEMEANOR CASE TO THE STATE OF MICHIGAN 19TH DISTRICT COURT; (iii) ADOPTING THE FEBRUARY 10, 2026 REPORT AND RECOMMENDATION IN PART (Dkt. 48); (iv) GRANTING DEFENDANTS' MOTIONS TO DISMISS (Dkt. 22, 27); and (v) DENYING OTHER PENDING MOTIONS (Dkts. 43, 52, 55, 60) AND OBJECTIONS (Dkts. 47, 50, 51) AS MOOT

On February 10, 2026, Magistrate Judge David R. Grand issued a Report and Recommendation, which recommends, in relevant part, that the Court (i) grant the State of Michigan 19th District Court's motion to dismiss and remand the case to the 19th District Court (Dkt. 27); and (ii) grant the remaining Defendants' motion to dismiss (Dkt. 22).  2/10/26 R&R (Dkt. 48).  Pro se Plaintiff Hassan Aoun filed objections to the 2/10/26 R&R (Dkt. 50).

For the reasons set forth below, the Court grants the motions to dismiss and remands Aoun's misdemeanor case to the 19th District Court.  Because this case will be dismissed, the Court withdraws the reference to the magistrate judge, denies all other pending motions as moot (Dkts. 43, 52, 55, 60), and denies all of Aoun's objections as moot (Dkts. 47, 50, 51).[1]

---

[1] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing.  See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b).  None of the Defendants responded to Aoun's objections to the 2/10/26 R&R.

I.       ANALYSIS

### A. Legal Standard

Upon receiving objections to an R&R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

"[O]bjections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."  Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).  A general objection that fails to specify the issues in contention equates to no objection.  Id.  "Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.  It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones."  McPherson v. Kelsey, 125 F.3d 989, 995–96 (6th Cir. 1997) (citations omitted).

### B. Improper Hybrid Case

This case is an unusual one because Aoun filed a document that is entitled both a "complaint and notice of removal under 28 U.S.C. §§ 1331 and 1443(1)."  See Compl. & Removal (Dkt. 1).  The pleading purports to do two separate things.  It seeks to "remove[] to this Honorable Court all ongoing municipal prosecutions initiated against" Aoun from the 19th District Court to this Court.  Id. at PageID.1.  It also asserts affirmative civil claims against the City of Dearborn, the Dearborn Prosecutor's Office, the Dearborn Police Department, the Dearborn Law Department, unidentified police officers involved in his arrests (collectively, the City Defendants), and the 19th District Court.  Id. at PageID.2–6.  The City Defendants correctly

argue that there is no authority to sustain Aoun's hybrid civil and a criminal removal action and, therefore, the Court should not permit any of the affirmative civil claims to proceed. City Defs. Mot. at PageID.358–359.

28 U.S.C. § 1455 sets forth the procedure for removing a criminal case to federal court. Nothing in § 1455 permits a state-court criminal defendant to transform a case from a criminal proceeding to civil proceeding, or to a hybrid of both. Where the impropriety of removal is apparent on the face of the removal papers, the court should summarily remand the case. "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

In <u>Ohio v. Bey</u>, No. 1:22-cv-660, 2022 WL 17105332 (S.D. Ohio Nov. 22, 2022), <u>report and recommendation adopted,</u> No. 1:22-cv-660, 2023 WL 317512 (S.D. Ohio Jan. 19, 2023), a state of Ohio criminal defendant attempted to remove his criminal case to federal court as a combined criminal and new civil case. <u>Id.</u> at *1. The criminal defendant/civil plaintiff alleged, among other things, that the criminal proceedings against him in the Ohio state court were unconstitutional and unlawful. <u>Id.</u> On sua sponte review, the federal court found that the removal was improper. <u>Id</u>. at *2. It dismissed the case and summarily and remanded it to state court on the basis of both improper removal and lack of subject matter jurisdiction:

> The limits of subject matter jurisdiction cannot be expanded through the improper removal of an action from state court. In order for removal jurisdiction to exist for Defendant to remove a <u>civil</u> case from state to federal court, there must have been a "civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

> Here, Defendant is not attempting to remove a civil case, but instead is attempting to remove a criminal case, in which he is being prosecuted by the State of Ohio. Defendant cannot magically transform a state case in which he is a criminal defendant into a civil lawsuit that he is prosecuting against the State of Ohio.

> In addition to the lack of any authority to transform a state criminal case into a federal civil case through the act of removal, Defendant has failed to show any

3

> rational basis to support federal question or diversity jurisdiction for a civil
> lawsuit based upon the State of Ohio's original criminal complaint.

Id. at *2 (emphasis in original).

Other similar attempts of a state-court defendant to "remove" a criminal case to federal court as a criminal/civil hybrid case have fared no better and have resulted in dismissal and remand.  See Ohio v. El, No. 1:22-cv-673, 2023 WL 171164 (S.D. Ohio Jan. 12, 2023), R. & R. adopted, No. 1:22-cv-673, 2023 WL 5772780 (S.D. Ohio Sept. 7, 2023); see also, Ohio v. Watson, No. 1:22-cv-708, 2023 WL 2457039, at *3 (S.D. Ohio Mar. 10, 2023), R. & R. adopted, No. 1:22-cv-708, 2023 WL 6894812 (S.D. Ohio Oct. 18, 2023); see also, Ohio v. Murrell, No. 1:21-cv-388, 2021 WL 3510314, at *3 (S.D. Ohio Aug. 10, 2021), R. & R. adopted, No. 1:21-cv-388, 2021 WL 3883913 (S.D. Ohio Aug. 31, 2021).

Like the state criminal defendants in the above cases, Aoun has attempted to improperly transform his state criminal case into a hybrid civil and criminal case.  Aoun fails to cite to any authority that would allow his civil claims to survive in this Court in a hybrid fashion.  Nor has the Court's own research located authority authorizing such an action.  Aoun's civil claims brought in his removal are improper and are, therefore, dismissed.  Because they are dismissed based on improper removal, the Court will not address other bases for dismissal of those claims.[2]

### C.  No Subject Matter Jurisdiction Over The Misdemeanor Case

The R&R correctly found that this Court lacks subject matter jurisdiction to hear Aoun's state-court misdemeanor claims.  2/10/26 R. & R. at PageID.1073.  Removal of a state court case is permissible only if it satisfies a two-prong test.  See Johnson v. Mississippi, 421 U.S. 213, 219 (1975).  First, "it must appear that the right allegedly denied the removal petitioner arises under a

---

[2] The R&R recommended that Aoun's First Amendment retaliation and due process claim be retained and stayed pending resolution of the criminal case.  R. & R. at PageID.1081–1082.  But the R&R cites no authority for retaining civil claims that were initiated in a removed criminal case, and this Court is aware of none.  That recommendation is not adopted by the Court.

federal law providing for specific civil rights stated in terms of racial equality." Id. (punctuation modified).  Second, it must appear "that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of (the) State." Id. (punctuation modified).  The R&R correctly explains why Aoun fails to meet both prongs.  2/10/26 R. & R. at PageID.1074–1076.  None of Aon's eight objections addresses the R&R's analysis, which this Court concludes is correct.

Because the Court dismisses Aoun's civil hybrid claims for lack of jurisdiction and lacks jurisdiction over the misdemeanor case as well, it will remand the misdemeanor case to the 19th Judicial District Court.

### D. Aoun's Other Pending Motions

Because the Court is dismissing the civil claims and remanding the misdemeanor action, all of the pending motions on the docket are denied as moot.  See Emergency Mot. for Permanent Inj. (Dkt. 43); Mot. for Leave to File First Amend. Compl. (Dkt. 52); Ex Parte Mot. for Leave to File Exh. (Dkt. 55); and Amend. Mot. for Leave to File Exh. (Dkt. 55).  Aoun's objections to the January 28, 2026 R&R (Dkt. 46) and the February 10, 2026 order (Dkt. 49) are also moot.  See Obj. to 1/28/26 R&R (Dkt. 47); see also, Obj. to 2/10/26 Order (Dkt. 51).

## II.    CONCLUSION

The Court dismisses Aoun's civil claims and remands the misdemeanor case to the 19th Judicial District Court for all further proceedings.  All other pending motions and objections are denied as moot.

### SO ORDERED.

Dated: March 27, 2026                         s/Mark A. Goldsmith
Detroit, Michigan                             MARK A. GOLDSMITH
                                              United States District Judge

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 27, 2026.

s/Joseph Heacox
JOSEPH HEACOX
Case Manager
